## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JEANETTE S.R. LIPINSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 CV 7153 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| YOLANDA CASTANEDA, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are defendants' motions to dismiss plaintiff's Third Amended Complaint [69], [70] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motions are denied, and defendants Lieutenant Bonner and Officer Cap's Motion to Stay Written Discovery [79] is denied as moot.

## STATEMENT

Following several rounds of screening, the Court allowed plaintiff Jeanette S.R. Lipinski to proceed on two claims: her claim of malicious prosecution (count III) against defendants Lieutenant Bonner, Officer Cap, Yolanda Castaneda, and Alonso Castaneda; and her claim of false arrest (count IV) against Lt. Bonner and Officer Cap. (*See* ECF No. 55.) Although plaintiff makes many allegations in her Third Amended Complaint, the dispute before the Court boils down to plaintiff's claim that she was falsely arrested on July 14, 2014, for poisoning and killing the Castanedas' dog and was then maliciously prosecuted under Cook County case number B-14-04597. Plaintiff claims that she was not trying to poison the dog but, rather, was pouring a diluted amount of bleach in an alley to clean up dog feces and urine. Plaintiff further states that the dog does not go in the area where the bleach was used. She says that the Castanedas filed false police reports indicating that the dog had died but did not produce any evidence at trial to show that the dog was poisoned and died as a result plaintiff's actions. Plaintiff says that she was acquitted following trial.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading that purports to state a claim for relief must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the Court accepts "as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the

plaintiff." *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017). When ruling on a Rule 12(b)(6) motion, the court considers "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 604 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745-46 n. 1 (7th Cir. 2012)). "A document filed *pro se* is to be liberally construed, … and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017).

**Count III – Malicious Prosecution**

To prevail on a malicious prosecution claim, plaintiff must show (1) the commencement of an original criminal or civil proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) a lack of probable cause; (4) malice; and (5) damages. *Jones-Huff v. Hill*, No. 14 C 9577, 2016 WL 5171780 at *7 (N.D. Ill. Sept. 21, 2016).

*Lieutenant Bonner and Officer Cap*

Lieutenant Bonner and Officer Cap move to dismiss, arguing that plaintiff's malicious prosecution claim is conclusory and without factual support. Plaintiff responds that she told the officers that the dog was not poisoned and did not die, that she only cleaned the alley concrete slab where the dog urinates in the alley through the fence and where other dogs urinate, and that the dog never went in the alley because he is confined to the back yard. Plaintiff further says that the officers "proffered false evidence at trial and prior to trial that plaintiff had poisoned the Castaneda dog when in fact she had not." (ECF No. 71, p. 3). These facts are sufficient to put defendants Lt. Bonner and Officer Cap on notice of the allegations against them. Accepting these allegations as true, the Court finds that plaintiff has alleged facts that plausibly support a claim of malicious prosecution.

*Yolanda and Alonso Castaneda*

Plaintiff says that the Castanedas gave false information to the police, which led to her arrest and the criminal case against her. The Castaneda's move to dismiss, arguing that "plaintiff could never assert a claim for malicious prosecution against the Castanedas because she admits that she did actually pour bleach in the area used by the Castanedas' dog." (*See* Defs' Castanedas' Mt. to Dismiss, ECF No. 70, p. 3.) The Castanedas say that, in light of this admission, plaintiff has pleaded herself out of court.

While plaintiff admits using bleach in the alley, she says that she was cleaning the alley with a diluted solution of bleach, that she told the officers that she was cleaning the alley and not trying to poison any dog, that the police officers had no probable cause or reasonable suspicion to arrest her, that the Castanedas told the police that their dog had died as a result of the alleged poisoning, and that the dog did not die.

Here, taking plaintiff's allegations as true, the Court finds that plaintiff has plausibly alleged a malicious prosecution claim and that she has not pleaded herself out of court. Using a

diluted amount of bleach for cleaning an area that the Castaneda dog allegedly cannot access (other than by urinating through a fence) does not necessarily equate to poisoning. Plaintiff's admission does not defeat her claim at this stage.

Accordingly, defendants' motions to dismiss plaintiff's malicious prosecution claim (count III) are denied.

**Count IV – False Arrest (Lieutenant Bonner and Officer Cap)**

To establish a claim for false arrest under Illinois law, plaintiff must show that (1) she was restrained or arrested by the defendants; and (2) the defendants acted without reasonable grounds to believe that plaintiff committed an offense. *Schor v. Daley*, 563 F. Supp. 2d 893, 900 (N.D. Ill. 2008).

Lt. Bonner and Officer Cap move to dismiss, arguing that plaintiff's false arrest claim is insufficiently pled because it consists of conclusory language and is devoid of any factual specificity. In particular, Lt. Bonner and Officer Cap say that plaintiff's claim is deficient because "she makes no allegation regarding the probable cause of her arrest other than to say that a false proceeding was filed against her, she was arrested, and that she was later acquitted." (ECF No. 69 ¶ 13.) In response, plaintiff argues that she told the officers at the time of the arrest that she used the bleach to clean the alley, the dog was fine and did not die, and the dog does not leave the back yard so as to come into contact with the bleach. Plaintiff further says that the officers arrested her and falsely insisted at trial that the Castanedas' dog had been poisoned.

Construing the allegations liberally and in light of her *pro se* status, the Court finds that plaintiff has alleged sufficient facts to state a false arrest claim. Assuming the truth of plaintiff's allegations and drawing all reasonable inferences in her favor, it is plausible that defendants acted without reasonable grounds to believe that plaintiff committed the offense for which she was arrested.

For these reasons, defendants' motions to dismiss [69], [70] are denied. In light of this ruling, defendants Lt. Bonner and Officer Cap's Motion to Stay Written Discovery [79] is denied as moot.

**SO ORDERED.**

ENTERED: December 12, 2017

_____
**HON. JORGE ALONSO**
**United States District Judge**