UNITED STATES DISTRICT COURT
                      FOR THE NORTHERN DISTRICT OF ILLINOIS
                                EASTERN DIVISION

| | |
|---|---|
| JEANETTE S.R. LIPINSKI, | ) |
| | ) |
| Plaintiff, | ) Case No. 16-cv-7153 |
| | ) |
| v. | ) Hon. Jorge L. Alonso |
| | ) |
| YOLANDA CASTANEDA, | ) |
| ALONSO CASTANEDA, | ) |
| LT. BONNER, and | ) |
| OFFICER ANDRIELLE CAP, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

After plaintiff Jeanette S.R. Lipinski ("Lipinski") was arrested for and acquitted of poisoning her neighbors' dog, she sued a long list of defendants. Plaintiff has two remaining claims. In Count IV, against defendant Lt. Bonner and Officer Andrielle Cap ("Officer Cap"), plaintiff seeks relief under § 1983 for false arrest. In Count III, plaintiff asserts a claim for malicious prosecution against defendants Yolanda Castaneda, Alonso Castaneda, Lt. Bonner and Officer Cap. For the reasons set forth below, defendants' motions for summary judgment are granted.

**I.   BACKGROUND**

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact with citation to admissible evidence, the Court deems the fact admitted. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015); *Ammons v.*

*Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of the duty to support the fact with admissible evidence. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). The Court does not consider any facts that parties failed to include in their statements of fact, because to do so would rob the other party of the opportunity to show that the fact is disputed.

In this case, defendants put forth a joint statement of facts. Plaintiff has filed a response, in which plaintiff agrees that many of the facts are undisputed. Plaintiff states that other facts are disputed, but she does not cite any evidence to support her assertions that such facts are disputed. Thus, the Court has deemed admitted those facts that defendants have supported with admissible evidence, because plaintiff failed to controvert those facts with citation to evidence. The following facts are undisputed unless otherwise noted.

In July 2014, plaintiff and the Castanedas were next-door neighbors. Their backyards were separated by a fence.

On the afternoon of July 14, 2014, Yolanda Castaneda was in her backyard when she noticed an area of dead grass along her side of the fence that separated her yard from plaintiff's. She also noticed that the area smelled like bleach. A few days before, the Castanedas' dog had been vomiting, and, after Yolanda Castaneda noticed the smell of bleach, she also noticed her dog's paw pads were white, rather than black. When her husband, Alonso Castaneda, arrived home, he inspected the backyard and the dog. He, too, observed dead patches of grass, smelled the bleach and noticed the discolored paw pads on the dog. Yolanda Castaneda telephoned 911. She informed the operator that someone had poured bleach in her yard.

Soon, two officers, Lt. Bonner and Officer Cap, arrived at the Castanedas' house. The Castanedas told the officers that bleach had been poured into their yard. The Castanedas also

told the officers that they suspected their neighbor, plaintiff, had poured the bleach, because the bleach was along their shared fence line and because plaintiff had expressed her dislike of the Castanedas' dog. The Castanedas told the officers that the dog had been ill and that its paw pads were white. It is undisputed that everything the Castanedas told the officers was true.

The officers proceeded to the Castanedas' backyard to investigate. Lt. Bonner and Officer Cap noticed the dead grass along the fence line, and each also noticed the "overwhelming" smell of bleach.

The officers returned to the Police Station, where Officer Cap began writing an incident report. Lt. Bonner, for his part, telephoned plaintiff and invited her for an interview at the station, where she admitted to having poured bleach along the fence line.

The State of Illinois brought charges against plaintiff for poisoning a domestic animal. Yolanda Castaneda was subpoenaed and testified truthfully. She also tendered to the State's Attorney a bill she had paid for veterinary care, as well as a letter from a veterinarian, who stated the dog had exhibited symptoms of exposure to a chemical. Plaintiff was acquitted and filed this suit.

## II. STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). When considering a motion for summary judgment, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1021 (7th Cir. 2018). Summary judgment is appropriate when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial."

3

*Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

**III. DISCUSSION**

The Court notes that while plaintiff filed a response to the statement of facts (without citation to evidence), she did not file a memorandum of law in opposition to defendants' motions or otherwise cite any legal authority. Thus, any arguments she might have made are waived. *See Little v. Mitsubishi Motors North Amer., Inc.*, 261 Fed. Appx. 901, 903 (7th Cir. 2008) (failure "to present facts or develop any legal arguments" in response to motion for summary judgment constituted abandonment of claims); *see also Burton v. Board of Regents of the Univ. of Wis. Sys.*, 851 F.3d 690, 695 (7th Cir. 2017) ("[I]t is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. If the [nonmoving party] does not do so, and loses the motion, it cannot raise such reasons on appeal.") (citations omitted).

**A. Plaintiff's claims against the officers**

Against Lt. Bonner and Officer Cap, plaintiff asserts a claim for false arrest under § 1983 and a claim for malicious prosecution. As defendants point out, both claims fall for the same reason: defendants had probable cause to arrest plaintiff.[1]

"To prevail on a false-arrest claim under § 1983, a plaintiff must show that there was no probable cause for his arrest." *Neita v. City of Chi.*, 830 F.3d 494, 497 (7th Cir. 2016). Probable

---

[1] It appears to the Court that plaintiff brings her malicious prosecution claim under state law, but to the extent it is a claim under § 1983, the Court notes that it, too, falls on account of probable cause. *Anderson v. City of Rockford*, 932 F.3d 494, 512 (7th Cir. 2019). Furthermore, plaintiff has not established that she was held in custody. *Anderson*, 932 F.3d at 512.

4

cause, likewise, defeats a claim for malicious prosecution. *Martin v. Marinez*, 934 F.3d 594, ___, 2019 WL 377361 at *3 (7th Cir. 2019) ("[T]he existence of probable cause for the arrest would also bar recovery on a theory of malicious prosecution."); *Coleman v. City of Peoria*, 925 F.3d 336, 350 (7th Cir. 2019) ("Although [false arrest] is a federal constitutional claim and [malicious prosecution] is a state tort, the existence of probable cause defeats both.").

"Probable cause exists where the police officer is aware of facts and circumstances 'sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'" *Coleman*, 925 F.3d at 350 (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). The crime with which plaintiff was charged was poisoning a domestic animal. Illinois law makes it a crime to "knowingly poison or cause to be poisoned any dog or other domestic animal." 510 ILCS 70/6. Lt. Bonner and Officer Cap had probable cause to think plaintiff had caused the Castanedas' dog to be poisoned. These defendants were told by the Castanedas: (1) that someone had poured bleach in their backyard; (2) that the bleach had affected their dog in that his paw pads had become white and he had vomited; and (3) that they suspected the culprit was their neighbor, who had expressed her dislike of their dog and with whom they shared the fence line along which the bleach had been poured. The officers then investigated the backyard and witnessed both the dead grass along the fence line and the smell of bleach. If that were not enough, when Lt. Bonner interviewed plaintiff, she told him she had poured bleach along the fence line. Lt. Bonner and Officer Cap had probable cause, as a matter of law.

Thus, Lt. Bonner and Officer Cap are entitled to judgment as a matter of law on Counts III and IV. Their motion for summary judgment is granted, and they are granted summary judgment on Counts III and IV.

### B. Plaintiff's claim against the Castanedas

Plaintiff also brings Count III for malicious prosecution against the Castanedas.

As the Illinois Supreme Court has explained repeatedly, "suits for malicious prosecution are not favored in the law." *Beaman v. Freesmeyer*, __ N.E.3d __, 2019 IL 122654 at ¶ 24 (Ill. 2019) (citing *Joiner v. Benton Community Bank*, 82 Ill.2d 40, 44 (Ill. 1980); *Schwartz v. Schwartz*, 366 Ill. 247, 250 (Ill. 1937); *Shedd v. Patterson*, 302 Ill. 355, 359-60 (Ill. 1922)); *see also Logan v. Caterpillar, Inc.*, 246 F.3d 912, 921 (7th Cir. 2001) ("At the outset, we note that malicious prosecution suits are disfavored by law because of the potential deterrent effect on the reporting of crime."). The reason the Illinois Supreme Court disfavors malicious prosecution is that public policy "favors the exposure of crime, and the cooperation of citizens possessing knowledge thereof is essential to effective implementation of that policy." *Id.*

To prevail on this claim, plaintiff must establish: "(1) the commencement or continuation of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages." *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009). In Illinois, "criminal proceedings are commenced by the filing of a complaint, an indictment, or an information." *Logan*, 246 F.3d at 922. "Thus, a private citizen does not commence a criminal action merely by reporting information to the police—even if the information later turns out to be incorrect." *Logan*, 246 F.3d at 922. Instead, a private citizen commences or continues a prosecution "only if the plaintiff can demonstrate that the defendant (1) instituted the proceedings against the plaintiff; (2) knowingly made false statements to the police; or (3) requested, directed, or pressured the officer into swearing out the complaint for the plaintiff's arrest." *Logan*, 246 F.3d at 922.

Here, plaintiff has put forth no evidence that the Castanedas filed a complaint against plaintiff or otherwise pressured the police or prosecutor to pursue criminal charges against plaintiff. In addition, it is undisputed that the Castanedas gave only truthful information to the police. In any case, as explained above, plaintiff's arrest was supported by probable cause.

Accordingly, the Castanedas are entitled to judgment as a matter of law on Count III. Their motion for summary judgment is granted, and they are granted summary judgment as to Count III.

        **C.     Castanedas' remaining claims**

Defendants Yolanda Castaneda and Alonso Castaneda filed against plaintiff two counterclaims for negligence (Counterclaim I) and trespass (Counterclaim II). The Castanedas have not moved for summary judgment on those claims. Because the Court has resolved all of the federal claims over which it has original jurisdiction, the Court exercises its discretion to dismiss without prejudice the Castanedas' counterclaims, which they may pursue in state court, if they choose. *Al's Service Ctr. v. BP Products North Amer., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims, which the plaintiff can then prosecute in state court.") (internal citations omitted).

Accordingly, the counterclaims are dismissed without prejudice.

**IV.    CONCLUSION**

For all of these reasons, the Court grants the Castanedas' motion [130] for summary judgment. Yolanda Castaneda and Alonso Castaneda are granted summary judgment on Count III. The Court also grants the motion [134] for summary judgment filed by Lt. Bonner and Officer Cap. Lt. Bonner and Officer Cap are granted summary judgment on Counts III and IV.

The Court relinquishes jurisdiction over the Castanedas' counterclaims and dismisses Counterclaims I and II without prejudice. Civil case terminated.

**SO ORDERED.**  **ENTERED: September 13, 2019**

  _____
  **HON. JORGE ALONSO**
  **United States District Judge**